Curia, per Evans, J.
That the plaintiff, under the facts of the case, was liable to the poll tax, there can be no doubt. If he was a freeholder and liable to land tax, he should have made a return of his property. The Council could only know who were exempt from poll tax by the payment of the land tax, and as the plaintiff had not done this, the Council had a right to require, of him the payment of the capitation tax.
By the Act of 1795, incorporating Georgetown, certain municipal powers are granted to the Council, in relation to streets, maikets, &c. and they are empowered to levy fines' for violation of their ordinances to the amount of $100, but in all cases where the fines, &c. exceed twelve dollars, they are required to sue for them in the Court of Common Pleas. the power of superintending and regulating the patrol had been among the powers originally granted, there could have been no doubt that they could not have issued an execution for a sum as large as $17. By the Act of 1839, regulating th ! patrol, “ the power and duty of superintending and regulating the patrol within the several incorporated towns and villages of this State, be and the same is hereby vested in and devolved upon the municipal police of the said towns and villages, who are hereby vested with full powers to make *234 all such ordinances relative to the time and manner of performing patrol duty within the said towns and villages, necessary to preserve the good order, peace and safety of the same.” The question made in this case is, whether the power of the Town Council in the imposition and collection of fines for the default in the performance of patrol duty, is restricted to twelve dollars; and in all cases above that sum, must they sue m the Court of Common Pleas?
The patrol laws constitute a system of police regulations for the government of our slaves. In all the country parts of the State, and formerly every where except in some of the larger towns, the regulating and superintending the execution of it was vested in the militia officers, and in the military Courts. But this was a mere matter of expediency.— The power might just as well have vested in any other persons or jurisdictions. There would seem to be a peculiar fitness in giving it to the municipal police of the towns and villages. There it was more likely to be regularly enforced, because a greater necessity exists in the towns and villages, than in country places. Accordingly, in the patrol law of 1839, we find a general law transferring the jurisdiction from the military to the municipal police of the towns.
In doing this, did the Legislature intend to vest the power unrestricted as it had before existed in the military Courts ? or did the Legislature intend to subject it to such limitations of the municipal powers of the corporations as had been imposed in relation to other matters? To my mind it is very clear the former was intended. The words used, “ regulating and superintending,” are broad enough to carry the whole power, and I can conceive of no argument of expediency which would incline the mind to a contrary conclusion.
In the case of The State v. The Town Council of Beaufort, it was decided, under a similar grant of power, that the Town Council had the power of prescribing by ordinance who should perform patrol duty and the penalties for nonperformance, and also the power of imposing fines, and enforcing their collection by their usual process against the property and persons of defaulters. This is all that is claimed by the Town Council of Georgetown, and I am of opinion this power is fully granted by the Act of 1839.
The motion is dismissed.
Richardson, Wardlaw and Frost, JJ. concurred.

Motion refused.